NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 12 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10583 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00189-LJO-SKO-1 |
| v. | |
| MAURICE HUNT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 19, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Maurice Hunt appeals his convictions for (a) sex trafficking by force, fraud,

or coercion, or of a minor, (b) witness tampering, and (c) obstruction of justice. We

affirm.

**1.** Hunt attacks his sex trafficking conviction under 18 U.S.C. § 1591,

arguing that his conduct had no substantial effect on interstate commerce. Section

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

1591, which was enacted as part of the Trafficking Victims Protection Act (TVPA), is "part of a comprehensive regulatory scheme that criminalizes and attempts to prevent slavery, involuntary servitude, and human trafficking for commercial gain. . . . Congress found that trafficking of persons has a substantial aggregate economic impact on interstate and foreign commerce, and that finding is not irrational." *United States v. Walls*, 784 F.3d 543, 548 (9th Cir. 2015) (citations omitted). In light of Congress's findings, "any individual instance of conduct regulated by the TVPA need only have a *de minimis* effect on interstate commerce." *Id.* (citing *Gonzales v. Raich*, 545 U.S. 1, 17 (2005)). Hunt's conduct had the required effect on commerce.

2.      Hunt's argument that the government failed to establish the interstate-nexus element of § 1591 is also unavailing. The government produced evidence that Hunt took the victim to a motel that serves out-of-state customers and does its banking with an institution with locations in nineteen states.

3.      A TVPA conviction may be premised on the defendant's knowledge or reckless disregard of the fact that "means of force, threats of force, fraud," or coercion will be used to cause a victim to engage in a commercial sex act. 18 U.S.C. § 1591(a). This element of the offense was established by evidence that Hunt knew "in the sense of being aware of an established modus operandi that" would in the

2

future cause the victim to engage in prostitution by force, fraud, or coercion. *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2009).

4.      The TVPA imposes criminal liability if a sex-trafficking victim is a minor and the "defendant had a reasonable opportunity to observe the" victim; the government "need not prove that the defendant knew, or recklessly disregarded the fact, that the [victim] had not attained the age of 18 years." 18 U.S.C. § 1591(c). Hunt contends that § 1591 is unconstitutional absent proof of a defendant's mens rea as to the victim's age. However, the presumption in favor of construing statutes to include mens rea requirements does not apply to sex crimes against minors if the defendant "confronts the underage victim personally." *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.2 (1994). And the presumption applies "to each of the statutory elements that criminalize otherwise innocent conduct." *Id.* at 72. Hunt could "hardly be surprised to learn that" pimping young women is "not an innocent act." *United States v. Freed*, 401 U.S. 601, 609 (1971).

5.      The district court did not commit plain error in its instruction to the jury on witness tampering. The instruction required the government to prove that Hunt "knowingly used intimidation, physical force or corrupt persuasion" against the witnesses. Although the court did not define the term "corruptly" in the jury instructions on witness tampering, the obstruction of justice instruction defined "corruptly" to include acts done "voluntarily and deliberately and for the purpose of

3

improperly influencing or improperly obstructing or improperly interfering with the administration of justice." This instruction did not run afoul of the rule of *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005), that the instruction should not cover innocent conduct.

**6.** Hunt's argument that there was insufficient evidence to support his convictions for obstruction of justice fails. Obstruction of justice is defined under 18 U.S.C. § 1503 as "corruptly or by threats of force, or by any threatening letter or communication," influencing, obstructing, or impeding, or endeavoring to influence, obstruct, or impede, the due administration of justice. The statutory proscription is not limited to activities "that involve force, threat, or intimidation . . . This provision includes noncoercive witness tampering." *United States v. Wash. Water Power Co.*, 793 F.2d 1079, 1085 (9th Cir. 1986) (alteration in original) (citations omitted). The government produced evidence that Hunt directed others to intimidate the victim; directed his girlfriend to put pressure on witness Natalie Kelly and accused Kelly of cooperating with the authorities; and made similar accusations to witness Roxanne Sanchez.

**7.** There was also sufficient evidence to convict Hunt of witness tampering as to Sanchez and Kelly. The crime is committed when a defendant:

> knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

4

(1) influence, delay, or prevent the testimony of any person in an official proceeding.

18 U.S.C. § 1512(b)(1). The evidence here was sufficient to allow a rational juror to conclude that Hunt encouraged Sanchez to testify falsely and attempted to intimidate Kelly into not testifying.

**AFFIRMED.**